IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ADA DIANE FIELDER                                                              PLAINTIFF

v.                                    NO. 3:18-CV-50-BSM-BD

NANCY A. BERRYHILL, Deputy Commissioner for Operations,
SOCIAL SECURITY ADMINISTRATION                                                 DEFENDANT

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Either party may file written objections to all or part of this Recommendation. Objections should identify and explain the factual or legal basis for the objection. To be considered, objections must be filed with the Clerk of Court within 14 days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

### BACKGROUND

Ada Fielder applied for social security disability benefits with an alleged onset date of August 16, 2014. (R. at 121). After a hearing, the administrative law judge ("ALJ") denied Ms. Fielder's applications. (R. at 27–28). And, the Appeals Council denied her request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Ms. Fielder has requested judicial review.

## I. The Commissioner's Decision

The ALJ found that Ms. Fielder had the following severe impairments: fibromyalgia, degenerative disk disease of the cervical and lumbar spine, rheumatoid arthritis, hypertension, osteoarthritis of the right hip, obstructive sleep apnea, obesity, depression, anxiety, mild neurocognitive impairment, post-traumatic-stress disorder, borderline personality features, and somatoform disorder. (R. at 19). The ALJ found that Ms. Fielder had the residual functional capacity ("RFC") to perform light work, in spite of her impairments, except that she was limited to unskilled work with simple, routine, repetitive tasks where the supervision is simple, direct, and concrete. She was limited to jobs with an SVP of 1 or 2 that jobs can be learned within thirty days; that require no interaction with the general public; that have only occasional changes to the workplace setting; and that have no exposure to hazards. (R. at 22). This RFC precluded Ms. Fielder's past relevant work. (R. at 26).

The ALJ took testimony from a vocational expert ("VE"), who testified that a person with Ms. Fielder's age, education, work experience, and RFC could perform other jobs such as price tagger or garment bagger. (R. 27). The ALJ held, therefore, that Ms. Fielder was not be disabled. (R. at 27–28).

## II. Discussion

Ms. Fielder argues that the ALJ: improperly assessed the medical opinions and evidence; failed to present a proper hypothetical question to the vocational expert; and improperly assessed her credibility. Because the ALJ improperly evaluated the medical opinion evidence, it is not necessary to reach Ms. Fielder's other points.

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the whole record. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the Commissioner's] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

In evaluating the opinion evidence, the ALJ gave the most weight to the opinions of non-examining State Agency consultants. (R. at 26). In relying on these opinions, the ALJ noted that the reports were rendered after "thorough review of the record." (R. at 26). The most recent of the State Agency consultants' opinions is dated February 25, 2016. (R. at 188). The most recent evidence considered by the State Agency consultants was received on February 9, 2016 and concerned treatment dates up to January 26, 2016. (R. at 172–73, 1006–32).

The record in this case includes treatment records through December 15, 2016. (R. at 1665). The record includes 648 pages generated after February 25, 2016, the most recent records available to the consultants. (R. at 1033–1680). By comparison, the State Agency consultants reviewed 577 pages, that is, less than half of the records. (R. at 456–1032). This calls into question whether the State Agency consultants' opinions were rendered after a "thorough" review of the record. Moreover, these opinions are also the only medical opinions in the record regarding Ms. Fielder's physical capabilities.

The opinion of a physician who has never examined a claimant is not generally entitled to significant weight. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). There is nothing in the record to indicate why this general rule is not applicable in this case, particularly given that the consultants reviewed less than half of the medical evidence in the record.

Moreover, the ALJ failed to adequately consider Ms. Fielder's renal failure caused by anti-inflammatory medications. The record shows that Ms. Fielder's doctors ordered her not to take non-steroidal anti-inflammatory drugs (NSAIDS) after her acute renal failure. (R. at 1149). The ALJ briefly mentioned that Ms. Fielder had suffered acute renal failure due to ibuprofen overuse but neglected to discuss the consequences this had on her other conditions. (R. at 24). This additional impairment prevents Ms. Fielder from taking medication to manage her other conditions, such as rheumatoid arthritis. The ALJ's decision did not discuss this medical complication even though the ALJ was required to consider all impairments in combination. 42 U.S.C. § 423(d)(2)(B).

### III. Conclusion

The ALJ failed to properly evaluate the medical opinion evidence and failed to consider Ms. Fielder's impairments in combination. For this reason, the decision to deny benefits should be REMANDED with instructions to develop the record as necessary by re-contacting treating physicians or medical consultants and to reconsider Ms. Fielder's RFC in the light of all impairments in combination.

Dated this 28th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE